## No. 17.

### BRUSH *against* COOK. *Franklin,* 1819.

GRANTEE in a deed, need not prove the appointment of the public officer, whose duty it is to record such deed.

A Landlord is not concluded by a Judgment in ejectment, aganist his tenant, by parol lease, he must be joined in the suit, to be concluded by the Judgment.

THIS was an action on ejectment, for lot No 3, of the first division of land, in the town of Georgia, laid to the right of Josiah Willard, original proprietor.

*Plea*—General issue.

M

Verdict for ptaintiff, and a bill of exceptions filed by defendants, &c.

1. On the trial the defendants offered to give in evidence, that a deed, from Abraham Ives to Ira Allen, with the following indorsement, in the hand-writing of said Ira Allen, "Received to record, Nov. 27, 1784. I. Allen, Prop. Clerk"—actually lay in the office of said Ira Allen, with said indorsement thereon, on file, from said 27th day of November, 1784, until the 7th day of August, A. D. 1805; and that, during said time, the said Ira Allen acted as Proprietor's Clerk, for said town of Georgia, which evidence was rejected.

2. The defendants offered to give in evidence the record and judgment of the Circuit Court, May term, 1810, in an action of ejectment, in favor of Robert Bowne, under whom defendants claim their title to said lot, against one James Goodwin, who (the plaintiff contended) was, at the time of bringing said ejectment in the Circuit Court, in possession of said lot under said plaintiff, by parol agreement and lease, by which record it appeared that the said Robert Bowne recovered a judgment for the seisin, &c. against said Goodwin, on trial, after a continuance of said cause, on application and motion of said Eliphalet Brush, this evidence was also rejected.

Opinion of the Court. On the first point the decision of the Judge is reversed. The proprietor's Clerk was made a public officer, for recording deeds of this description, and it was sufficient for defendants to establish the fact that Ira Allen *acted* as proprietor's Clerk, without shewing a regular appointment.

2. On this point, the decision of the Judge is confirmed ; a landlord is not concluded by a judgment against his tenant by parol lease ; such a judgment is subject to all the provisions of the Statute requiring a landlord to be joined in the suit. (Judiciary Act, Sec. 88.) Though the plaintiff's writ will not abate, if landlord is not joined, if tenancy is by parol, and unknown to the plaintiff. A landlord is not *privy* to the judgment against his tenant, merely by filing an affidavit and mov-

ing for a continuance in the cause ; he must be made a *party* to the record, to be concluded by the judgment.

Verdict set aside, and new trial granted.